IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERESA L. JOHNS,

    Plaintiff,

v.                                        Civil Action No. 5:09CV17
                                                    (STAMP)

MICHAEL ASTRUE,
Commissioner of Social Security

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING AS FRAMED PLAINTIFF'S AWARD OF
ATTORNEY'S FEES AND EXPENSES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

    I.   Facts and Procedural History

On February 9, 2009, the plaintiff, Teresa L. Johns, filed a complaint requesting judicial review of the decision by the Social Security Administration to deny the plaintiff Social Security and Supplemental Security Income Disability benefits. This matter was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B).

Before a report was entered, the defendant filed a motion to remand for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). The plaintiff filed a response affirmatively stating that she did not object to a remand. This Court granted the motion and remanded the case to the Commissioner for further administrative action.

The plaintiff now comes before the Court seeking an award of attorney's fees and expenses in the amount of $1,485.67 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), to be paid directly to the plaintiff's attorney, Michael Miskowiec. The defendant filed no response.

Having reviewed the record and the applicable law, this Court finds that the plaintiff's motion for attorney's fees and expenses under the EAJA should be granted as framed.

II. <u>Discussion</u>

The EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust.

28 U.S.C. § 2412(d)(1)(A). In a social security action, the Commissioner has the burden of proving that his position is substantially justified. <u>See</u> <u>Scarborough v. Principi</u>, 541 U.S. 401, 414 (2004).

Here, the plaintiff contends that the defendant's decision to request remand of this action for further administrative proceedings demonstrates that the defendant's position on the plaintiff's claim was not substantially justified. The defendant

has not disputed this contention.  Accordingly, this Court finds that the defendant has not carried his burden of showing that his position on the plaintiff's claim was substantially justified. Thus, the plaintiff is entitled to an award of attorney's fees and expenses.

The determination of an appropriate award of fees is to be based upon prevailing market rates for the kind and quality of services furnished, not to exceed $125.00 per hour, unless the cost of living or other special factor warrants a higher fee.  See 28 U.S.C. § 2412(d)(2)(A).  In this case, the plaintiff's counsel has provided a declaration showing, as of June 2009, a cost-of-living increase of 37.36% from the date of the most recent reauthorization of the EAJA in March 1996.  Accordingly, adjusted for the increase in cost of living, the maximum hourly rate under § 2412(d)(1)(B) now appears to be $171.71.  In his declaration, counsel for the plaintiff claims compensation for 8.697 hours.  The defendant has not raised any objection to the plaintiff's estimated hourly rate or claimed time expended.  This Court believes that the plaintiff's requested attorney's fees are reasonable and should therefore be awarded.

The plaintiff has requested that attorney's fees be paid directly to her counsel.  However, the statute provides that an award of fees shall be made to a prevailing party.  See 28 U.S.C. § 2412(d)(1)(A) ("a court shall award to a prevailing party . . .

fees and other expenses" incurred in litigation). Thus, the prevailing party, not the attorney, is entitled to attorney's fees. See Gilbrook v. Westminster, 177 F.3d 839, 875 (9th Cir. 1999) (award of attorney's fees must be paid "directly to the prevailing party, with the ultimate disposition of the award dependent on the contract between the lawyer and the client"); see also Evans v. Jeff D., 475 U.S. 717, 732 n. 19 (1986) (payment of attorney's fees goes to prevailing party, not attorney); FDL Tech, Inc. v. United States, 967 F.2dd 1578, 1580 (Fed. Cir. 1992) (same). Therefore, this Court will direct the payment of attorney's fees in this action to be made to the plaintiff.

### III. Conclusion

For the reasons set forth above, this Court GRANTS AS FRAMED the plaintiff's motion for an award of attorney's fees in the amount of $1,485.67. The defendant shall pay the awarded fees directly to Teresa L. Johns and shall forward said payment to the business address of the plaintiff's counsel, Mr. Michael Miskowiec, P.O. Box 2951, Charleston, West Virginia, 25330.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   August 28, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE